IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

    v.                Case No. 2:10CR20046-001

WOODROW W. ANDERSON, JR.                                    DEFENDANT

### SENTENCING MEMORANDUM

Defendant Woodrow W. Anderson, Jr., is before the Court for sentencing after conviction of one count of Structuring Currency Transaction to Avoid Reporting Requirements in violation of Title 31 U.S.C. § 5324(a)(3).[1]  The statutory provisions of the § 5324(a)(3) offense provide for custody of not more than five years, supervised release of not more than three years, probation of between one and five years, and a fine of not more than $250,000.00.  The United States Sentencing Guidelines advise and recommend custody of zero to six months, supervised release between two and three years, probation of not more than three years, and a fine between $250.00 and $5,000.00.  The Court, as part of its sentencing, is to consider and balance the factors set out in 18 U.S.C. § 3553(a) in imposing a sentence.  With that obligation in mind, the Court enters this sentencing memorandum.

---

[1] On September 16, 2010, Defendant entered a plea agreement to waive indictment by a grand jury and consent to the filing of an Information charging him with Structuring Currency Transactions to Avoid Reporting Requirements in violation of Title 31 U.S.C. § 5324(a)(3).

The Court has considered the § 3553(a) factors, and in light of the circumstances in this case, finds that a downward variance from the advisory guideline sentence will provide for a sentence that is sufficient, but not greater than necessary to accomplish the goals of sentencing.  The Court finds a review of the § 3553(a)(1) and (a)(2) factors justify its downward variance to impose a sentence that does not include any term of imprisonment or supervised release.

Section 3553(a)(1) requires the Court to consider, in imposing a sentence, the "nature and circumstances of the offense and the history and characteristics of the defendant." The Court finds that Defendant is fifty seven years of age and suffers from significant health problems, including undergoing a quadruple heart bypass surgery in 2005, a stroke in 2009, and a current diagnosis and treatment for prostate cancer.

According to the presentence investigation report, Defendant's cancer has metastasized, and he is currently taking chemotherapy and injections as part of the treatment.  The presentence investigation report also notes that Defendant's health condition is a factor that may warrant departure.  The Court, having considered Defendant's health condition, does not conclude it warrants a departure but instead a downward variance.  The Court also finds Defendant's poor state of health

weighs heavily against the imposition of any term of imprisonment or supervised release.

Second, Defendant has no criminal history, including no juvenile adjudications.  Defendant has no history of mental or emotional problems, and no history of alcohol or other substance abuse.  Based on these facts, and the imposition of the intended sentence, the Court finds that it is unlikely that Defendant will commit any crimes in the future and that he poses little risk to himself or others.  The Court thus finds Defendant's history and characteristics warrant a downward variance to not include any term of imprisonment or supervised release.

Section 3553(a)(2) requires the Court to consider the need for the sentence imposed, including the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other treatment in the most effective manner.

The Court finds the "need for the sentence imposed" factor warrants imposing a downward variance.  The Court noted that the defendant suffers from serious illnesses, and finds that a term of imprisonment or supervised release would have harsher consequences than intended, i.e., the burdens associated with

imprisonment and supervised release would not serve any treatment of the instant offense but will likely impede Defendant's efforts to obtain medical attention.

Moreover, the presentence investigation report indicates the defendant has forfeited cash seized in the amount of $231,200.00, and will forfeit an additional $106,500.00. The Court finds that Defendant's forfeitures and the high-end guidelines range fine are sufficient to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense. The Court notes that the defendant has agreed to pay a substantial sum to the Internal Revenue Service for back taxes. The Court again notes that Defendant has no criminal history and finds that he appears to present little risk to anyone. Based on the lack of criminal history and Defendant's serious health condition, the Court finds there is no need to impose a sentence beyond three years of probation, to either deter Defendant from future crimes or to protect the public from further crimes of the defendant.

Accordingly, Defendant is sentenced to no term of imprisonment, no supervised release, three years of probation, and a $5,000.00 fine, plus the $100 special assessment. The Court also finds there is no risk of future substance abuse by the defendant and there is no mandatory drug testing conditions of probation imposed pursuant to 18 U.S.C. § 3563(a)(5).

This Sentencing Memorandum shall be included by reference, in its entirety, into the Statement of Reasons and Judgment in this case.

**IT IS SO ORDERED** this 15th day of December, 2010.

*/s/ Robert T. Dawson*
Honorable Robert T. Dawson
United States District Judge
